IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERESA L. WALKER, )<br>)<br>Plaintiff, )<br>) Civil A. No. 19-41<br>v. ) Judge Nora Barry Fischer<br>)<br>PENNSYLVANIA DEPARTMENT OF )<br>LABOR AND INDUSTRY, )<br>)<br>Defendant. ) | |

**MEMORANDUM ORDER**

I.     BACKGROUND

In this employment discrimination case, Plaintiff Teresa Walker ("Plaintiff") contends that Defendant Pennsylvania Department of Labor and Industry ("Defendant"), failed to provide a reasonable accommodation for her disabilities in violation of Section 504 of the Rehabilitation Act. (Docket Nos. 1; 34; 54). Plaintiff asserts that she was wrongly terminated for calling off work on October 1, 2, and 3, 2018 due to her epilepsy and asthma conditions and was not provided with what she believes is a reasonable accommodation of converting her absences without leave ("AW") to excused ("AO") absences. (*Id*.). Defendant counters that she was dismissed for violating its attendance policies because she was a probationary employee who was not entitled to take AW leave and had fully exhausted her available sick leave prior to calling off work for three consecutive days in October. (Docket Nos. 10; 47). Defendant further points out that Plaintiff did not specifically request an accommodation from the attendance policy and was previously afforded accommodations for other absences which were excused. (*Id*.).

1

Presently before the Court is Plaintiff's partial motion for summary judgment, which is opposed by Defendant. (Docket Nos. 32; 47). The pending motion has been fully briefed in accordance with Local Rule 56.1, with the parties submitting the required briefs, concise statements of material facts, responses, a reply and the necessary appendices. (*See* Docket Nos. 32-34; 36; 47-49; 54-55). The Court heard oral argument on April 8, 2020, the official transcript of which was filed on May 8, 2020. (Docket Nos. 58; 59). The parties declined to submit any supplemental briefing. (Docket No. 58). After careful consideration of the parties' arguments and evaluating the evidence of record in accord with the appropriate standard governing motions for summary judgment, and for the following reasons, Plaintiff's Motion [32] is granted, in part, and denied, in part.

II. LEGAL STANDARD

Because the Court writes primarily for the parties, who are familiar with the facts, the Court will not exhaustively discuss same here. Instead, the Court begins with the governing legal standard. It is well-established that summary judgment is appropriately entered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013) (citation omitted). In deciding a motion for summary judgment, the Court's function is not to weigh the evidence, to determine the truth of the matter, or to evaluate credibility. *See Montone v. City of Jersey City, et al.*, 709 F.3d 181 (3d Cir. 2013). Rather, the Court is only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party. *Id.* In evaluating the evidence, the Court must interpret the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor.

*Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007).

"Where the party moving for summary judgment is the plaintiff, or the party who bears the burden of proof at trial, the standard is more stringent." *Nat'l State Bank v. Fed. Reserve Bank of New York*, 979 F.2d 1579, 1582 (3d Cir. 1992). "[I]t is inappropriate to grant summary judgment in favor of a moving party who bears the burden of proof at trial unless a reasonable juror would be compelled to find [her] way on the facts needed to rule in [her] favor on the law." *El v. Se. Pennsylvania Transp. Auth. (SEPTA)*, 479 F.3d 232, 238 (3d Cir. 2007).

> After all, the burden of proof includes the obligation to persuade the factfinder that one's propositions of fact are indeed true. Black's Law Dictionary 190 (7th ed.1999). Thus, if there is a chance that a reasonable factfinder would not accept a moving party's necessary propositions of fact, pre-trial judgment cannot be granted. Specious objections will not, of course, defeat a motion for summary judgment, but real questions about credibility, gaps in the evidence, and doubts as to the sufficiency of the movant's proof, will.

*Id.*

III. DISCUSSION

In her motion, Plaintiff argues that she is entitled to summary judgment on her failure to accommodate claim and the affirmative defense of undue hardship asserted by Defendant. (Docket Nos. 34; 54). On the former point, Plaintiff admits that she did not make a specific request for an accommodation that her AW absences be converted to excused absences but contends that summary judgment is appropriate because she has established a prima facie case and there are no genuine disputes of material facts. (*Id*.). As to the latter issue, Plaintiff maintains that Defendant has failed to plead the affirmative defense of undue hardship and has not presented any evidence supporting such defense at this stage of the proceedings. (*Id*.). Defendant counters that genuine disputes of material fact preclude summary judgment on

Plaintiff's failure to accommodate claim. (Docket No. 47). While Defendant initially contested the motion challenging the sufficiency of the evidence supporting the undue hardship defense, its counsel conceded that the defense lacked evidentiary support at oral argument. (*See* Docket Nos 47 at 3-4; 59 at 23). Having carefully considered the parties' positions, Plaintiff's Motion is granted, part and denied, in part.

The elements Plaintiff will be required to prove to prevail at trial are well-established.

> A plaintiff bringing [a] failure-to-accommodate claim must establish: "(1) [she] was disabled and [her] employer knew it; (2) [she] requested an accommodation or assistance; (3) [her] employer did not make a good faith effort to assist; and (4) [she] could have been reasonably accommodated."

*Capps v. Mondelez Glob.*, LLC, 847 F.3d 144, 157 (3d Cir. 2017) (quoting *Armstrong v. Burdette Tomlin Mem'l Hosp.*, 438 F.3d 240, 246 (3d Cir. 2006)); *see also Watson v. Wilkie*, 2019 WL 2191781, at *3 (W.D. Pa. May 21, 2019) (Fischer, J) (applying same elements to Rehabilitation Act claim for failure to accommodate due to disability claim). Regarding the second and third elements, the Third Circuit has clarified that:

> an employer has a duty to provide reasonable accommodations to people with disabilities. *See Colwell v. Rite Aid Corp.*, 602 F.3d 495, 504–05 (3d Cir. 2010). The employer can breach this duty by failing to provide an accommodation that is reasonable or by failing to engage in a good faith interactive process to identify accommodations. *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 317–18 (3d Cir. 1999). In regard to the interactive process, this Court has explained that "if it appears that the employee may need an accommodation but doesn't know how to ask for it, the employer should do what it can to help." *Conneen v. MBNA Am. Bank, N.A.*, 334 F.3d 318, 332 (3d Cir. 2003). In short, an employee has no obligation to unilaterally identify and propose a reasonable accommodation. *See Taylor*, 184 F.3d at 315–17. "[W]here there is a genuine dispute about whether the employer acted in good faith, summary judgment will typically be precluded." *Id.* at 318.

*Lewis v. Univ. of Pennsylvania*, 779 F. App'x 920, 923 (3d Cir. 2019). Finally, as to the fourth

4

element, "'[t]he question of whether a proposed accommodation is reasonable is a question of fact,'" to be resolved by the jury. *Id*. at 923 (quoting *Turner v. Hershey Chocolate U.S.*, 440 F.3d 604, 611 n.4 (3d Cir. 2006)) (further quotation omitted).

In this Court's estimation, Plaintiff has failed to meet her "stringent" burden to establish that she is entitled to judgment as a matter of law on her failure to accommodate claim upon which she bears the burden of proof at trial because there are genuine disputes of material fact in the record. *See Nat'l State Bank*, 979 F.2d at 1582. While the parties do not generally debate Plaintiff's status as a qualifying individual with a disability due to her epilepsy and asthma conditions, they clearly contest whether such ailments required her to call off work on October 1, 2, and 3, 2018. (*See* Docket Nos. 33 at ¶ 44; 48 at ¶ 44). As such, Plaintiff has not shown that a reasonable jury would be "compelled" to conclude that she was unable to work on the first three days of October due to her disabilities and there is a "real chance" that a jury may reject her position given the gaps in the evidence which raise credibility questions for the jury to consider. *El*, 479 F.3d at 238. Indeed, Plaintiff's evidence supporting her October absences is subject to significant impeachment based on the doctor's excuse from her October 1, 2018 emergency room visit. *See id.*

To this end, the parties' evidentiary submissions reveal the following:

- Plaintiff cites to ¶¶ 5-6 of her declaration in support of the factual assertions that she "missed work on October 1, 2, and 3, 2018 to recover from her seizure, as well as her asthma condition" but nowhere in her seven paragraph declaration does she reference the October absences specifically nor does she state that the absences were necessary due to her disabilities or recovery, (*see* Pl. Ex. 7, Docket No. 36-7);

- Plaintiff was not directly asked about the need for the October 1, 2, and 3, 2018 absences at her deposition, (Docket No. 54 at 2, n.1 ("Notably, Defendant's counsel failed to ask Walker during her deposition why she missed work from October 1-

5

3.")));

- The doctor's excuse upon which she relies from attending physician Dr. Michael Barton, MD of UPMC Passavant Emergency Department dated October 1, 2018 states that "[t]his notice verifies that your employee Teresa Walker, was seen in this facility on 10/01/2018. He/she may return to work within 1 to 2 Days with No Restrictions." (Pl. Ex. 16, Docket No. 36-16); and,

- Plaintiff did not return to work until three days later on October 4, 2018, (Docket Nos. 33 at ¶ 47; 48 at ¶ 47).

Certainly, a reasonable jury may question why Plaintiff called off work on October 2, and 3, 2018 when the doctor's note of October 1, 2018 plainly states that she may return to work within 1-2 days without any restrictions, i.e., her doctor opined that she could have returned to work on October 2 or 3, 2018 but she did not go back until October 4, 2018. (Docket Nos. 33 at ¶ 44; 48 at ¶ 44; 36-7; 36-16); *see also Williams v. Philadelphia Hous. Auth. Police Dep't*, 380 F.3d 751, 772 (3d Cir. 2004) (a "plaintiff in a disability discrimination case who claims that the defendant engaged in discrimination by failing to make a reasonable accommodation cannot recover without showing that a reasonable accommodation was possible."). All told, the credibility of such evidence must be weighed by a jury and the same prevents Plaintiff from winning summary judgment on a claim for which she bears the burden of proof at trial. *See El*, 479 F.3d at 238.

Beyond these factual disputes, Plaintiff also admits that she did not make a specific request for an accommodation and claims that Defendant failed to engage in the interactive process with her in good faith and did not offer what she believes is a reasonable accommodation of designating her AW absences as excused AO absences. (Docket Nos. 34; 54). But, the prevailing caselaw establishes that genuine disputes as to both the reasonableness of a proposed accommodation and a defendant's good faith participation in the interactive process should be resolved by a jury. *See e.g., Taylor*, 184 F.3d at 318 ("[W]here there is a genuine dispute about

6

whether the employer acted in good faith, summary judgment will typically be precluded."); *Turner*, 440 F.3d at 611 n.4 ("[t]he question of whether a proposed accommodation is reasonable is a question of fact."); *Lewis*, 779 F. App'x at 923 (quoting same).  The submission of those contested issues to the jury is particularly appropriate in this case given the underlying factual disputes as to whether Plaintiff's absences on October 2, and 3, 2018 were medically necessary or not.  (Docket Nos. 33 at ¶ 44; 48 at ¶ 44; 36-7; 36-16).  Hence, this Court cannot make the requisite finding that a reasonable jury would be compelled to reach a verdict that Defendant did not act in good faith and that Plaintiff's proposed accommodation is reasonable.  *See El*, 479 F.3d at 238.

Accordingly, Plaintiff's motion for partial summary judgment on her failure to accommodate claim is denied.

Plaintiff also seeks summary judgment on Defendant's affirmative defense of undue hardship.  (Docket Nos. 34; 54).  To prove such defense, an employer must demonstrate by a preponderance of the evidence that accepting the proposed accommodation would be an undue hardship on the operation of its business.  *See Turner*, 440 F.3d at 614 ("If Turner has made out a *prima facie* showing, the burden then shifts to Hershey to prove, as an affirmative defense, that the accommodations requested by Turner are unreasonable, or would cause an undue hardship on the employer."); *see also* 42 U.S.C. § 12112(b)(5)(A) (an employer must make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity."). During oral argument, defense counsel expressly conceded that the defense of undue hardship is not supported by the record.  (*See* Docket No. 59 at 23 ("I do agree

7

with [Plaintiff's counsel] that I don't believe the record in its current state would support that defense [of undue hardship]. There's no evidence put forth by the Commonwealth that would support that defense.")).  Having reviewed the record in light most favorable to Defendant, the Court agrees that such defense lacks evidentiary support and finds that summary judgment is appropriately entered in favor of Plaintiff and against Defendant on the affirmative defense of undue hardship.

      For all of these reasons,

      IT IS HEREBY ORDERED that Plaintiff's Motion for Partial Summary Judgment [32] is granted, in part and denied, in part.  Said Motion is granted as to the defense of undue hardship but denied in all other respects; and,

      IT IS FURTHER ORDERED that Plaintiff shall file her Pretrial Statement by **May 28, 2020** and Defendant shall file its Pretrial Statement by **June 11, 2020**.  The parties' Pretrial Statements shall conform to the requirements of Local Civil Rule 16.C.1.

                                                      *s/Nora Barry Fischer*
                                                      Nora Barry Fischer
                                                      Senior U.S. District Judge

Date:   May 13, 2020

cc/ecf: All counsel of record.